Judge Underwood
delivered the opinion of theCourt.
Triplett’s agreement to pay the judg-meht, which M‘Lean had obtained against Turner, and which M‘L,ean transfered to Young, was no sat-isfac.tion of the judgment; and it is not perceived from the allegations of the bill and answers, and from the exhibits, filed, how an' equity could have arisen from that agreement, in favor of Turner, which'1 would authorize a chancellor to perpetuate the injunction, especially, when Turner owed Triplett as muchas was claimed upon the execution; and which. *476 he failed to pay in fee bills, when Young was willing to take them. Besides the agreement with Triplett, as set out in the bill was, that he should pay this judgment debt; and from the manner in which it is set out, it is obvious, that Turner knew that MtLean or Young, was entitled to this debt, although the note had been originally executed to Triplett, who had assigned it.
Triplett, for plaintiffs.
Now, no subsequent arrangement with Triplett, could affect the rights of M‘Lean or Young, under such circumstances. The court, therefore, erred in perpetuating the injunction. The judgment for costs, against Triplett is erroneous. Turner has made out no grounds for coming into chancery, arising from the agreement with Triplett. If Triplett has failed to comply with his agreement, Turner’s remedy is at law; and so, if Turner has failed to pay, the fee bills, on his covenant, Triplett’s remedy is at law.
The decree, of the circuit court is reversed, and set aside, and the cause remanded, with directions to dissolve the injunction for $112, but perpetuate it for the residue.
Young should pay costs in the circuit court, because he did not have the execution properly credited.
The plaintiffs in error must recover costs in this court.